# F. A. North, Appellant, *v.* August Gately & Guarantee Storage Company.

*Replevin—Affidavit of defense—Husband and wife—Lease of piano.*

In an action of replevin against a husband to recover a piano alleged
to have been leased to the husband, an affidavit of defense is sufficient
which avers that the piano was the property of defendant's wife, that
she obtained title to it from the plaintiff under a contract in writing

in part and in parol in part, that the terms of such contract had been complied with, that no right of property existed in plaintiff, and that the lease had been obtained from the defendant while he was intoxicated and without regard to the pre-existing right of his wife to the same piano.

Argued Dec. 9, 1913.   Appeal, No. 238, Oct. T., 1913, by plaintiff, from order of C. P. No. 3, Phila. Co., June Term, 1912, No. 2,525, discharging rule for judgment for want of a sufficient affidavit of defense in case of F. A. North v. August Gately & Guarantee Storage Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Replevin for a piano.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the affidavit of defense are sufficiently set forth in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Francis Chapman*, with him *S. Spencer Chapman*, for appellant, cited: Johnson v. Groff, 22 Pa. Superior Ct. 85; Barker v. Fairchild, 168 Pa. 246.

*Henry Baur*, for appellee, cited: Strauss v. Reen, 17 Phila. 89; Young's Est., 166 Pa. 645; Parry's Est., 188 Pa. 33; Fidelity & Casualty Co. v. Harder, 212 Pa. 96.

OPINION BY HENDERSON, J., February 20, 1914:

This is an appeal from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense in an action of replevin.   The subject of the replevin was a piano which the plaintiff claimed to have leased to August Gately, one of the defendants.   The defense set forth in the affidavit is that the piano is the

property of Gately's wife; that she obtained title to it from the plaintiff under a contract in writing in part and in parol in part; that the terms of the contract had been complied with by Mrs. Gately and that no right of property existed in the plaintiff.   The affidavit further denied the plaintiff's title under the contract set forth in the declaration and alleged that that contract was obtained from the deponent while he was intoxicated and without regard to the pre-existing right of his wife to the same piano.   Accepting the averments of the affidavit as true there is a conclusive denial of the plaintiff's right of action, for there was no foundation nor warrant for the act of the plaintiff in taking a lease from the husband for the piano which had been long before leased to the wife and as claimed in the affidavit paid for by her.   It was held in Johnson v. Groff, 22 Pa. Superior Ct. 85, that in an action of replevin a husband might defend by showing title in his wife and our attention has not been called to any provision of the act of April 19, 1901, P. L. 88, which changed the law on this point.   We find nothing in the act requiring us to hold that it destroys the legal unity of persons which characterizes the relation of husband and wife and prevents him from defending the joint possession of a chattel owned by her.   The effort of the wife to intervene was not conclusive on the question of title.   She failed in that proceeding to produce evidence to show her interest in the property, but the husband who was the defendant in the case was not thereby precluded from setting up such a defense as under the law he might avail himself of to maintain his wife's title.

We do not deem it advisable to enter into a discussion of the merits of the case on the alleged parol agreement affecting the lease between Mrs. Gately and the plaintiff.   That lease is not pleaded by the plaintiffs, and the circumstances under which it was executed and the conditions involved in the transaction are subjects which will probably be presented to the court on the trial of the

case. All that we now decide is that there was not such error in the action of the court in refusing judgment as requires us to reverse the case.

The order is affirmed.